[*General Term, January,* 1873.]

FRANCES HAMILTON, ADMINISTRATRIX, *v.* WILLIAM S. TAYLOR, ASSIGNEE, ETC.

Where a foreign administratrix brings suit in Ohio to assert a right, and after answer and counter-claim dismisses the petition and takes leave to answer the counter-claim, and does so, and proceeds to trial without objection, she can not then be heard to object that the court has no jurisdiction to hear and determine the cause.

H. covenanted to convey to a married woman, on or before August 4, 1868, certain lands in fee, upon the punctual payment of $7,000—$500 cash, which was paid; $330, on the 4th August, 1865 ; $360, on the 4th August, 1866; $390, on the 4th of August, 1867; and $5,420, August 4, 1868 ; and agreed, " if desired by W., I will cancel this agreement at any time prior to August 4, 1868, and refund whatever amount is paid, with interest."   W. failed to make the payment due August 4, 1867, and shortly afterward elected to rescind:

*Held*, that this contract was mutually obligatory, though W. was a *feme*

Hamilton, Adm'x, *v.* Taylor, etc.

*covert;* and that though there was default in the payment due in August, 1867, the exercise of the option to rescind the contract on the part of W., in September, 1867, was within its terms, and authorized a recovery of moneys paid on it.

*Held,* that, by the terms of the contract, the exercise of the option to rescind by W., without joining her husband, was a literal compliance with the contract. The right to exercise it was personal to her, and its exercise defeated any possible estate the husband might have had in the land.

*Worthington & Worthington,* for plaintiff in error.

*Pugh & Strickland,* for defendant in error.

HAGANS, J. The plaintiff in error, who is the administratrix of Thomas Hamilton, deceased, brings the action to, have the following contract canceled on the ground of fraud :

" This memoranda witnesseth that I, Thomas Hamilton, of Ludlow, Kentucky, do hereby offer and agree to sell and convey in fee simple, by deed of general warranty, to Cordelia M. Wilder, her representatives and assigns, on or before August 4, 1868, upon the punctual payment by her or them of $7,000 consideration money, the following real estate, viz: All that lot of land on the east side of Mill street, Cincinnati, Ohio, commencing at the intersection and north corner of an alley, about one hundred and ninety-three feet south of Fifth street, being thirty feet front and one hundred and ten feet deep on rear line, together with all the privileges and appurtenances to the same belonging—the said $7,000 to be paid to me as follows: $500 is paid this day, the receipt of which is hereby acknowledged; $330, August 4, 1865 ; $360, August 4, 1866 ; $390, August 4, 1867 ; and $5,420, August 4, 1868. And if desired by C. M. Wilder, I will cancel this agreement at any time previous to August 4, 1868, and refund whatever amount is paid, with interest. Dated February 4, 1864.

" THOMAS HAMILTON."

Attest : " Thomas Hurst, A. W. Griffith."

This writing is acknowledged by Hamilton before a notary public—A. W. Griffith. Hamilton subsequently died in Kenton county, Kentucky, where letters of administration were taken out by his wife, the plaintiff in error, November, 1866. Cordelia M. Wilder and her husband, John R. Wilder, and Nicholas Bird, were made parties defendant.

In January, 1871, the defendant, Mrs. Wilder, answered that she had paid the $500 named in the contract, and also the $330 named therein, on the 4th of August, 1864, thereby anticipating its payment, and also the $360 due August 4, 1866, on the 10th July of that year, and alleges that, on or about the 10th October, 1867, she notified the administratrix of Hamilton that she elected to rescind the agreement, and presented her claim to the administratrix, duly authenticated, for allowance and payment out of the estate, according to the contract, which was rejected. Hamilton gave receipts for the $330 and the $360 payments, which, as well as Hamilton's signature to the contract, it is alleged were forgeries—all of which Mrs. Wilder denies, as well as that she procured the signatures to them or to the contract. And, by way of counter-claim, demands judgment and to recover back the moneys she had paid to Hamilton on the contract. Mr. Wilder joins in this answer and counter-claim.

In December, 1871, the plaintiff in error dismissed her action, and asked leave to file an answer to the counter-claim, which was done on the same day. That answer to the counter-claim, and one filed in May, 1872, puts in issue all the allegations of the answer and counter-claim of Mrs. Wilder, and asks to be dismissed.

In March, 1872, Mrs. Wilder was declared a bankrupt, and the defendant in error was appointed her assignee in bankruptcy.

It appears, from the bill of exceptions, that John R. Wilder, the husband of C. M. Wilder, died in 1869 ; that in September, 1867, Cordelia M. Wilder made out her account against Hamilton's estate for the payments made on the

Hamilton, Adm'x, v. Taylor, etc.

contract, and interest, amounting to $1,364.23, and in the affidavit expressly states she desires to cancel the contract, and elected to annul it, and demands repayment of the said moneys.

On the 10th October, 1867, on the same paper, she executed this writing :

" I hereby authorize John S. Scott, sheriff of Kenton county, Kentucky, to demand payment of the foregoing sum of $1,364.23 from the administratrix of Thomas Hamlton's estate, and to receive said sum for me and receipt therefor in my name."

It seems Scott presented the claim to the administratrix shortly afterward, and payment was refused.

The testimony in the cause is quite voluminous, and relates principally to the alleged forgeries to the contract and receipts ; and a large number of exceptions were taken to testimony, and a large number of exceptions to the rulings of the judge at Special Term, on the law of the case.   A special verdict was rendered by the jury, in favor of the defendant in error, for the amount of the payments on the contract, and interest, and judgment was rendered on the verdict.

The jury found that the contract and the receipts were genuine.   This was the principal issue of fact, and was found in favor of the defendant in error, and we see no reason to disturb the findings of the jury in that respect.

The questions of law in the record of the case are very important, and have been argued to us with great learning, and ability, and at some length.   Those questions requiring our consideration may be stated thus :

*First.* An action can not be brought and maintained in Ohio against a foreign administratrix.

*Second.* The payment of the installment of purchase money due August 4, 1867, is a condition precedent to the right of rescission reserved in the contract, and Mrs. Wilder having failed to make that payment, could not elect to rescind.   There must be a rescission before a recovery.

*Third.* And even if she could so elect, she has not exercised her right, and therefore no recovery could be had by her.

Upon the first question presented by the record, it may be sufficient to say, after a careful examination of the law and of the authorities cited to us, that the administratrix in this case having come voluntarily to Ohio to assert a supposed right—which she might undoubtedly do—and having dismissed her petition *after* it had been answered and a counter-claim filed, and having in the same entry of dismissal without objection, oral or pleaded, asked leave to answer the counter-claim and did so, and having proceeded to trial without objection until the court came to charge the jury, it would be anomalous, indeed, that the verdict and judgment could not stand. To hold otherwise, would be in effect to decide that she is entitled to come into our courts, under our statutes and by comity, and assert her rights, but shall not be bound by a determination of the issues in a counter-claim made by her own pleadings and tried without objection to the jurisdiction until the jury is charged.

In this view, it is unnecessary to examine the constitutionality of the statute expressly allowing an action to be maintained in a case like this. 1 S. & C. 613.

We may now consider the remaining two questions together for convenience. It will be seen that the jury found that Hamilton not only executed the contract and received the two subsequent payments, but that the contract was rescinded and Mrs. Wilder was now entitled to recover back the money paid. This would seem to be, under the circumstances, if the contract was rescinded, nothing but justice; for it would be a very hard rule which would allow the estate of Hamilton to keep both the land and the money. The defendant in error stands upon a rescission. The claim of the plaintiff in error stands upon, first, the failure of Mrs. Wilder to make the payment of August 4, 1867, and second, her subsequent inability, by reason thereof, to elect

to rescind, or if able, failure to make a sufficient election to do so.

In looking into the case, there is no doubt that the contract, although Mrs. Wilder was a married woman, had the mutuality that was necessary to make it complete and binding on her ; and certainly if she had paid all the purchase money, Hamilton could not escape his obligation to convey on the ground that Mrs. Wilder was a married woman. It follows that if he had received part of the consideration, and then the contract was rescinded, he could not be heard to excuse himself from refunding the money for the same reason.

It does not seem to us that the contract, carefully construed, makes the payment of the previous installments a condition precedent to the right to exercise the option to rescind. She may exercise it at any time she desires. Certainly, the punctual payment of the installment is made a condition precedent to the conveyance of the property, and nothing more. We can not import into the contract new or other terms for the parties. To hold otherwise, would be in fact to declare that the money paid was forfeited to the estate. Indeed, the very failure to pay the installment due on the 4th August, 1867, may be regarded as a desire to rescind the contract if there were nothing else in the case.

This brings us to the vital question in the case. Was the contract rescinded in time ? By the terms of the contract, Mrs. Wilder had the option to cancel it, if she so desired, at any time previous to August 4, 1868, and Hamilton contracted to refund the money paid. The testimony shows that, in October, 1867, the bill for the money paid to Hamilton by Mrs. Wilder was presented to the plaintiff in error This seems to us, irrespective of the question raised about its regularity, a sufficient expression of a desire to rescind, and was in time. The fact that the desire was expressed is material ; how it was expressed is immaterial. Having done so, Mrs. Wilder could not afterward insist on the pay-

ment of the money and an enforcement of the contract to convey. But it is urged that Mrs. Wilder's husband did not join in, the expression of that desire. This objection goes upon the ground that he had an interest in the land as tenant by the courtesy, which was the subject of the contract. But we think not. When the desire was expressed by Mrs. Wilder, that was a literal compliance with the contract, and the money paid was her own. If Mr. Wilder had a legal estate, of course he could not divest himself of it by his answer setting up no claim to it, as appears in the case. *McCafferty* v. *Conover*, 7 Ohio St. 99 ; *Clark* v. *Clark*, 20 Ohio St. 128.

Whether the assertion of a mere equity may be estopped by a record, it is unnecessary now to decide. For Wilder never had even an equity in this contract. The estate depended upon the failure of Mrs. Wilder to exercise a personal option. If she exercised that option, which we think she did, it defeated the possible estate altogether, and Hamilton or his representatives can not be heard to object that it was the option of a married woman; for that was the thing for which Hamilton contracted and none other.

On the whole case, we think that the verdict should stand, and the judgment must be affirmed.